# No. 22-50574

# In the United States Court of Appeals for the Fifth Circuit

**United States of America,**

Plaintiff-Appellee,

v.

**Dalia Valencia,**

Defendant-Appellant.

On Appeal from the United States District Court
for the Western District of Texas

**Appellee's Brief for the United States of America**

Ashley C. Hoff
United States Attorney

Joseph H. Gay, Jr.
Assistant United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7090

## Recommendation on Oral Argument

The government agrees with the defendant that oral argument is unnecessary. (*See* Appellant's Br. 3.) The briefs and record adequately present the facts and legal arguments relevant to this appeal, and oral argument would not significantly aid the decisional process. *See* Fed. R. App. P. 34(a)(2)(C).

# Table of Contents

Recommendation on Oral Argument ................................................. i

Table of Authorities ...................................................................... iii

Jurisdiction........................................................................................ 1

Statement of the Issues ................................................................... 1

Statement of the Case...................................................................... 1

Summary of the Argument.............................................................. 5

Standard of Review ......................................................................... 5

Argument.......................................................................................... 6

I.    The district court did not abuse its disrection in determining that no extraordinary and compelling reason supported a sentence reduction. ............................................................... 7

II.    The district court did not abuse its discretion in determining that the 18 U.S.C. § 3553(a) sentencing factors did not warrant disturbing Valencia's sentence......................................... 9

III.    Valencia failed to satisfy the statutory requirement that she exhaust administrative remedies before moving for a sentence reduction. .................................................................... 13

Conclusion ..................................................................................... 14

Certificate of Service..................................................................... 14

Certificate of Compliance ............................................................. 15

# Table of Authorities

**Cases**

*Dillon v. United States*,
   560 U.S. 817 (2010) .................................................................. 6

*Green v. Rivers*,
   843 F. App'x 618 (5th Cir. 2021) ................................................. 12

*Hughes v. United States*,
   138 S. Ct. 1765 (2018) .............................................................. 12

*Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*,
   830 F. App'x 127 (5th Cir. 2020) ................................................. 12

*United States v. Chambliss*,
   948 F.3d 691 (5th Cir. 2020) ............................................... 5, 9, 13

*United States v. Evans*,
   587 F.3d 667 (5th Cir. 2009) ....................................................... 11

*United States v. Franco*,
   973 F.3d 465 (5th Cir. 2020) ....................................................... 13

*United States v. Garcia*,
   847 F. App'x 262 (5th Cir. 2021) ................................................. 10

*United States v. Hernandez*,
   853 F. App'x 991 (5th Cir. 2021) ................................................. 13

*United States v. Keys*,
   846 F. App'x 275 (5th Cir. 2021) ................................................. 10

*United States v. Maldonado*,
   No. 21-30188, 2022 WL 565618 (5th Cir. Feb. 24, 2022) ........... 11

*United States v. Miller*,
   855 F. App'x 949 (5th Cir. 2021) ................................................... 9

*United States v. Mixon*,
   853 F. App'x 1002 (5th Cir. 2021) ................................................. 9

*United States v. Rabhan*,
   540 F.3d 344 (5th Cir. 2008) ......................................................... 5

*United States v. Taylor,*
 855 F. App'x 975 (5th Cir. 2021) ............................................... 14

*United States v. Thompson,*
 984 F.3d 431 (5th Cir. 2021) ....................................................... 9

*United States v. Valdez,*
 No. 21-50131, 2021 WL 5142722 (5th Cir. Nov. 4, 2021) ........... 11

*Ward v. United States,*
 11 F.4th 354, (5th Cir. 2021) .................................................. 6, 9

**Statutes**

18 U.S.C. § 3231 ............................................................................ 1

18 U.S.C. § 3553 ................................................................... passim

18 U.S.C. § 3582 ................................................................... 3, 6, 9

28 U.S.C. § 1291 ............................................................................ 1

28 U.S.C. § 2241 .......................................................................... 12

**Rules**

Fed. R. App. P. 32 ....................................................................... 15

Fed. R. App. P. 34 .......................................................................... i

## Jurisdiction

This appeal arises from a final judgment in a criminal case. The district court had jurisdiction under 18 U.S.C. § 3231. The defendant filed a timely notice of appeal. (ROA.375.) This Court has jurisdiction under 28 U.S.C. § 1291.

## Statement of the Issue

The district court denied Valencia's motion for a sentence reduction after considering the sentencing factors in 18 U.S.C. § 3553(a) and determining that Valencia did not show extraordinary and compelling reasons for a reduction. Did the court act within its discretion?

## Statement of the Case

Valencia is serving a 15-year prison term for conspiring to conduct the affairs of an enterprise through a pattern of racketeering and a concurrent 10-year term for theft of government property. (ROA.191-92.) From 2007 through 2015, Valencia and her brothers were among the leaders of a criminal enterprise that operated primarily in El Paso, Texas. (ROA.634, 637.) During Valencia's involvement, the enterprise was involved in a pattern of racketeering activity that included extortion, international kidnappings, drug distribution, money laundering, and robberies. (ROA.635.)

1

Initially, the enterprise's primary purpose was to smuggle drugs into the United States from Mexico. (ROA.636.) Valencia was involved in the laundering of drug proceeds through various bank accounts, real estate purchases, and business accounts. (ROA.636-37.) Valencia was also involved in paying other members of the enterprise to buy Mexican drugs and smuggle them into the United States. (ROA.652.)

In 2008, the enterprise began conspiring to kidnap people, including at least one child, to extort ransoms from their families. (ROA.653.) In one instance, Valencia provided $10,000 to purchase supplies for the kidnappings, including firearms. (ROA.653.) Valencia also rented vehicles for the kidnappings. (ROA.660.) Valencia not only helped plan the kidnappings but also proposed potentially wealthy kidnapping targets. (ROA.660.) In total, the enterprise attempted over ten kidnappings. (ROA.654-60.)

Valencia also stole government property. (ROA.191-92.) In 2007, Valencia applied for social security benefits after the death of her spouse. (ROA.660.) Later that year, the Social Security Administration awarded Valencia and her two children survivor benefits. (ROA.660.) In 2012, Valencia remarried and concealed her marriage from the Social Security Administration so that she would continue to receive benefits. (ROA.660.) From 2012 to 2015,

2

Valencia received nearly $50,000 in fraudulent survivor benefits. (ROA.660.)

In 2016, Valencia pleaded guilty to the racketeering conspiracy and theft of government property. (ROA.191.) Based on her offense and criminal history, the sentencing guidelines recommended a sentencing range of thirty years to life imprisonment. (ROA.728.) But a binding plea agreement that the district court accepted capped her sentence at 15 years. (ROA.453-54); *see* Fed. R. Crim. P. 11(c)(1)(C). Valencia was therefore sentenced to 15 years in prison for the racketeering conspiracy and a concurrent 10 years in prison (the statutory maximum) for theft of government property. (ROA.192, 690.)

Valencia has since filed multiple motions under 18 U.S.C. 3582(c)(1)(A) to reduce her sentence. In April 2020, she sought a sentence reduction and argued the presence of COVID-19 created an extraordinary and compelling reason for reduction. (ROA.239-60.) The district court denied her request because she failed to exhaust administrative remedies or to substantiate any extraordinary or compelling reason for a sentence reduction. (ROA.278-85.) In August 2020, she filed a second motion under § 3582(c)(1)(A) to reduce her sentence. (ROA.288-318.) She argued her medical conditions and the presence of COVID-19 were extraordinary and compelling reasons for a sentence reduction. (ROA.288-138.) The

3

district court denied Valencia's motion because she failed to substantiate her medical claims and because a reduction was unwarranted under the relevant sentencing factors. (ROA.326-27.)

Nearly two years later, in May 2022, Valencia moved the district court to reconsider its denial of her second motion for a sentence reduction. (ROA.330-46.) Valencia argued that in the two years since her motion was denied, new circumstances had arisen that created extraordinary and compelling reasons for a sentence reduction. (ROA.333.) In particular, Valencia claimed that she contracted COVID-19, developed a heart condition, and had cancerous legions removed from her body. (ROA.333-35.) Valencia also argued the district court should compel the Bureau of Prisons to award her credit against her sentence. (ROA.335.) The district considered Valencia's new claims but concluded that she still had not shown an extraordinary and compelling reason for a sentence reduction. (ROA.365-74.) The district court also re-weighed the § 3553(a) sentencing factors and found that they still did not support a sentence reduction. (ROA.371-72.)

This appeal followed.

## Summary of the Argument

The district court did not abuse its discretion when it denied Valencia a sentence reduction. As the governing statute requires, the district court considered the sentencing factors in 18 U.S.C. § 3553(a) and found that they did not support a reduced prison term. Valencia's disagreement with the district court's balancing of those factors does not establish any abuse of discretion. While the district court's assessment of the sentencing factors is enough by itself to affirm the court's decision, the court also acted within its discretion in concluding that Valencia had failed to establish extraordinary and compelling reasons for a reduction. Moreover, although the district court did not address Valencia's failure to exhaust administrative remedies before filing a motion, that failure offers an alternative basis to affirm the district court's decision.

## Standard of Review

This Court reviews a district court's denial of a compassionate-release motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). This Court also reviews the denial of a motion to reconsider for abuse of discretion. *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008). A court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence. *Chambliss*, 948 F.3d at 693.

5

**Argument**

A district court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). A motion for compassionate release invokes one of the "few" and "limited" exceptions to this general rule. *Ward v. United States,* 11 F.4th 354, 359, 361 (5th Cir. 2021). Under this exception, a defendant who has exhausted administrative remedies is eligible for a sentence reduction if a district court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 359-60 (quoting § 3582(c)(1)(A)). If the district court finds those requirements satisfied, then the court "may" reduce the defendant's sentence "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.* at 360 (quoting § 3582(c)(1)(A)). But the district court "has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Id.*

A district court's resolution of a compassionate-release motion is "inherently discretionary." *Id.* This Court "give[s] deference to the district court's determination because a sentencing judge is in a superior position to find facts and judge their import under Section 3553(a) in the individual case." *Id.* (cleaned up). "[T]he

burden falls on the defendant to convince the district judge to exercise discretion to grant the motion . . . after considering the Section 3553(a) factors." *Id.* at 361 (cleaned up).

In this case, three independent grounds support the district court's denial of a sentence reduction. First, the district court did not abuse its discretion in concluding that Valencia failed to establish extraordinary and compelling reasons for a sentence reduction. Second, the district court reweighed the § 3553(a) sentencing factors and concluded that they did not warrant changing Valencia's sentence. Third, although the district court did not address Valencia's failure to exhaust administrative remedies, that failure offers an alternative basis to affirm the district court's judgment.

I. **The district court did not abuse its discretion in determining that no extraordinary and compelling reason supported a sentence reduction.**

The district court concluded that Valencia had shown no extraordinary and compelling reason for a reduced sentence. (ROA.374.) Valencia has identified no legal or factual error (clear or otherwise) in that conclusion.

First, Valencia has not shown that the district erred in determining that she has not substantiated any medical condition that would amount to an extraordinary and compelling reason for a

reduction, even in combination with the risk posed by COVID-19.[1] The district court considered the relevant medical records provided by Valencia and found they did not support her claims. (ROA.373-74.) Although Valencia claimed that she had suffered various heart conditions after being infected with COVID-19 (ROA.333-334, 372), the district court noted that in April 2022, after Valencia recovered from COVID-19, a cardiologist reported no evidence of significant heart issues to include cardiac sequelae related to COVID-19, cardiomyopathy, or myocarditis. (ROA.348-49.) Valencia's cardiologist also stated that "no additional treatment and no routine follow-up is needed." (ROA.349.) In April 2022, Valencia's gastroenterologist reported that after two echocardiograms, Valencia's heart is stable and she has not suffered a heart attack or congestive heart failure. (ROA.1435-37.) Likewise, although Valencia claimed in district court that she had cancerous cells removed and she is currently under observation (ROA.333), there was no evidence in the record of Valencia ever receiving a cancer diagnosis. As the district court noted, a biopsy identified a *pre*-cancerous legion that was excised as doctors recommended. (ROA.1441, 1451.) Finally, although Valencia now alludes to obesity and a history of smoking (Appellant's Br. 11-12), she never

---

[1] In 2021 and 2022, Valencia received two doses and a booster of the COVID-19 Pfizer vaccine. (ROA.1676.)

8

raised those conditions as a basis for a reduction in district court (ROA.333-34) nor offered any evidence to substantiate them (ROA.348-53). *See United States v. Miller*, 855 F. App'x 949, 949 (5th Cir. 2021) (refusing to consider basis for release raised for first time on appeal); *United States v. Mixon*, 853 F. App'x 1002, 1002 (5th Cir. 2021) (same).

As Valencia observes, the district court was not bound by a policy statement in the sentencing guidelines in determining whether she had shown extraordinary and compelling reasons for a reduction. (Appellant's Br. 11, 14-15.) But the district court explicitly acknowledged this Court's holding that the policy statement is not binding. (ROA.370.) And the court also correctly recognized that it could nevertheless look to that policy statement to inform its analysis of Valencia's sentence-reduction motion. (ROA.370); *see United States v. Thompson,* 984 F.3d 431, 433 (5th Cir. 2021.) Nevertheless, the district court found no extraordinary and compelling reasons for a sentence reduction. (ROA.374.)

**II. The district court did not abuse its discretion in determining that the 18 U.S.C. § 3553(a) sentencing factors did not warrant disturbing Valencia's sentence.**

A court may grant a sentence-reduction motion under § 3582(c)(1)(A) only "after considering the factors set forth in section 3553(a)." § 3582(c)(1)(A); *see Ward,* 11 F.4th at 360; *Chambliss*, 948 F.3d at 694. If a district court determines that

9

those factors do not weigh in favor of early release, that determination is sufficient by itself to justify denial of the motion. *See United States v. Garcia*, 847 F. App'x 262, 262–63 (5th Cir. 2021); *United States v. Keys,* 846 F. App'x 275, 276 (5th Cir. 2021) . In this case, the district court found that the § 3553(a) sentencing factors did not weigh in favor of a sentence reduction. (ROA.175.) Valencia has not shown any abuse of discretion in the district court's re-weighing of those factors.

First, the district court acted within its discretion in finding that Valencia did not show that the reduced sentence she sought would have addressed the nature, circumstances, and seriousness of her offense, *see* § 3553(a)(1), (2). Valencia was convicted of participating in a conspiracy to conduct the affairs of a criminal enterprise through a pattern of racketeering activity. (ROA.371.) The pattern of racketeering activities included smuggling illicit drugs, robbery, money laundering, extortion, and international kidnappings. (ROA.635.) As the district noted, Valencia was accountable for smuggling over 37,000 kilograms of marijuana; laundered drug proceeds; and participated in planning and executing multiple kidnappings, including at least one involving a child. (ROA.371, 636-37, 653-60, 660.)

Second, Valencia has not shown any abuse of discretion in the district court's assessment of her history and characteristics or the

need to protect the public and deter criminal conduct, *see* § 3553(a)(1), (a)(2)(B)-(C). The district court had before it Valencia's claims of rehabilitation, so this Court can assume the district court considered them. (ROA.340); *see United States v. Evans,* 587 F.3d 667, 673 (5th Cir. 2009). After considering those claims alongside Valencia's past criminal conduct, it concluded she was likely to re-offend. (ROA.372.) Nothing required the district court to reach a different conclusion. *See United States v. Valdez,* No. 21-50131, 2021 WL 5142722, at *2 (5th Cir. Nov. 4, 2021) (explaining a district court can weigh past criminal history against claims of post-sentencing rehabilitation.); *United States v. Maldonado,* No. 21-30188, 2022 WL 565618, at *1 (5th Cir. Feb. 24, 2022) (same).

Third, Valencia has not shown that the district court erred in assessing the need to provide medical care. *See* § 3553(a)(2)(D). The district court reviewed her medical records and concluded that they "show she is receiving care for medical needs." (ROA.373); *see also supra* pp. 7-9.

Fourth, Valencia has not shown that the sentences available, the sentencing guidelines' recommendations, or the need to avoid unwarranted sentence disparities would weigh in favor in the reduction she seeks. *See* § 3553(a)(3)-(6). Based her offense level and criminal history, the sentencing guidelines recommended a range

of 30 years to life in prison. (ROA.728.) Yet Valencia already received a sentence half the lowest end of that range as a result of her plea agreement. (ROA.453-54.) The reduction Valencia seeks, which would result in a prison term under 6 years, would bring her sentence even further out of step with the sentencing guidelines' recommendations and the sentences imposed on similarly situated offenders. *See Hughes v. United States,* 138 S. Ct. 1765, 1774 (2018) ("A principal purpose of Sentencing Guidelines is to promote uniformity in sentencing imposed by different federal courts for similar criminal conduct.").

Valencia refers to "credits" she argues she is eligible to receive and asks this Court to compel the Bureau of Prisons to deduct these credits from her sentence. (Appellant's Br. 12-14.) But BOP's calculation of the duration of a sentence, including its assessment of any credits, may only be challenged in a petition under 28 U.S.C. § 2241 filed in the district of incarceration after exhaustion of administrative remedies. *See Green v. Rivers,* 843 F. App'x 618, 619 (5th Cir. 2021); *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.,* 830 F. App'x 127, 132 (5th Cir. 2020). Valencia is not incarcerated in her district of conviction, where she filed her sentence-reduction motion. (ROA.191; Appellant's Br. 14.) So her sentence-reduction motion was not an appropriate vehicle to assert any claim about BOP's calculation of her sentence.

In sum, the record does not bear out any abuse of discretion by the district court in re-weighing the sentencing factors or in determining Valencia's sentence should remain unchanged. Valencia may disagree with how the district court balanced the sentencing factors, but that sort of disagreement does not demonstrate an abuse of discretion. *See Chambliss,* 984 F.3d at 694.

### III. Valencia failed to satisfy the statutory requirement that she exhaust administrative remedies before moving for a sentence reduction.

Finally, Valencia failed to exhaust the administrative remedies available to her before filing a motion for compassionate release. Before filing a motion, inmates are required to request that the BOP file a motion on their behalf. *United States v. Franco,* 973 F.3d 465, 468 (5th Cir. 2020). This exhaustion requirement is mandatory, and a "court may not modify a term of imprisonment if a defendant has not filed a request with the BOP." *Id.*

Valencia has not shown that she satisfied this requirement. A BOP official certified that there is no record of Valencia properly submitting any requests for the BOP to move on her behalf for compassionate release. (ROA.1220-21); *cf. United States v. Hernandez,* 853 F. App'x 991, 992 (5th Cir. 2021) (upholding a district court's reliance on a similar certification in finding that a defendant failed to exhaust). Although Valencia responded with a letter showing that she had requested *home confinement*, such a request

13

does not satisfy the requirement that an inmate have previously requested a *sentence reduction.* (ROA.1196-97); *United States v. Taylor*, 855 F. App'x 975, 975 (5th Cir. 2021). Valencia's sentence-reduction motion was therefore premature.

## Conclusion

For all these reasons, this Court should affirm the district court's judgment.

Respectfully submitted,

Ashley C. Hoff
United States Attorney

By: */s/ Joseph H. Gay, Jr.*
Joseph H. Gay, Jr.
Assistant United States Attorney

## Certificate of Service

I certify that on November 4, 2022, I filed this brief through this Court's electronic case-filing system, and will cause the document to be served via U.S. mail on the following non-CM/ECF participant:

Ms. Dalia Valencia
#59005-380
FMC Carswell
P.O. Box 27137
Fort Worth, TX 76127-0000

*/s/ Joseph H. Gay, Jr.*
Joseph H. Gay, Jr.
Assistant United States Attorney

## Certificate of Compliance

I certify that:

(1) this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 2,741 words, excluding the parts of the brief exempted by Rule 32(f); and

(2) this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in size 14 Century Schoolbook font.

Dated: November 4, 2022

<i>/s/ Joseph H. Gay, Jr.</i><br>
Joseph H. Gay, Jr.<br>
Assistant United States Attorney